(November 26, 2002)

■ In the Matter of BRODY-LEWIS LLC, Appellant, v WORLD CHALLENGE, INC., Respondent. [750 NYS2d 290] —Order, Supreme

Court, New York County (Louise Gruner Gans, J.), entered January 9, 2002, which insofar as appealed from, granted respondent's cross motion to compel the production of petitioner's books and records, unanimously reversed, on the law, without costs or disbursements, and the cross motion denied.

The parties are involved in a dispute over the amount of rent due under an escalation clause, which calculates excess annual expenses against an "Expense Base Factor." Under the lease, the tenant, on demand, may examine the landlord's books and records upon which the yearly expense calculations are based and challenge any rent increase based thereon. In April 2001, the tenant requested the landlord's 2000 escalation statement. Any dispute as to the items on the statement not resolved by the parties themselves is to be "determined by arbitration." Insofar as is relevant, under the pertinent provision of the lease, the "sole issue to be submitted to the arbitrator * * * shall be * * * was the Expense proper." Unable to reach agreement with the landlord as to the amount of rent due, the tenant sought arbitration to determine the rent due under the escalation clause and to recover a refund of any overpayments. The demand also sought the production of the underlying books and records. In an accompanying letter, the tenant made clear that it was seeking books and records "including those pertaining to the Expense Base Factor" and recalculation thereof "for all future applications" of the escalation clause.

The landlord then commenced this proceeding to dismiss or stay arbitration on the grounds that the tenant had not satisfied a condition precedent to arbitration, i.e., the lease's notice and time provisions, and that one of the claims asserted, i.e., adjustment of the Expense Base Factor, was not subject to arbitration. The tenant opposed the stay/dismissal application and cross-moved to compel production pursuant to both CPLR 3102 (c), governing preaction disclosure as well as disclosure in aid of arbitration, and CPLR 3120, governing postaction discovery and inspection. The tenant argued that it had an absolute right under the lease to examine the landlord's books and records underlying its statement of expenses, independent of whether such examination was ancillary to an arbitration proceeding. The motion court granted the petition for a stay of arbitration from which no appeal has been taken. The court also granted the tenant's cross motion to compel production of the landlord's books and records, as sought, including those relating to the Expense Base Factor, "as a prelude to litigation." The landlord appeals. We reverse.

Once the court granted the landlord's petition to stay arbitra-

tion, there was no pending proceeding to which the tenant's cross motion could relate. Thus, the cross motion could not be viewed as an application pursuant to CPLR 3102 (c) for disclosure in aid of arbitration. Nor was there a basis to justify the court's grant of preaction disclosure. A review of the tenant's submissions reveals that nowhere did it even allude to the need for disclosure in contemplation of future litigation. Its request was limited solely to the dispute, now time-barred under the lease provisions, over the 1999 expenses. No matter how tempting, courts should avoid ruling on an academic matter. It is beyond the judicial function. Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.